| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL V | | |
| MANUEL JOSÉ PRADERA LÓPEZ<br><br>Demandante-Recurrido<br><br><br><br>Vs.<br><br><br>RICARDO JAVIER PRADERA LÓPEZ<br><br>Demandado-Peticionario | TA2025CE00415 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm. SJ2024CV10263<br><br>Sala: 1003<br><br>Sobre: IMPUGNACIÓN O NULIDAD DE TESTAMENTO; DIVISIÓN COMUNIDAD HEREDITARIA |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez.

Cruz Hiraldo, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 9 de octubre de 2025

Comparece la parte peticionaria, Ricardo Javier Pradera López, solicita la revocación de la *Resolución* del 6 de septiembre de 2025, emitida por el Tribunal de Primera Instancia, Sala de San Juan. Por medio de la resolución recurrida, el tribunal denegó la moción de sentencia sumaria promovida por la parte peticionaria.

Por los fundamentos expuestos, *denegamos* la expedición del recurso extraordinario solicitado.

### -I-

La parte recurrida, Manuel José Pradera López, presentó una demanda en la cual cuestionó la lucidez mental de su padre al momento de testar. Según el recurrido, las facultades cognitivas de su padre fueron nulificadas por las condiciones de salud mental, y físicas que padecía al momento de otorgar el testamento en disputa. El peticionario alegó que el causante poseía capacidad y

plena lucidez mental al otorgar el testamento. Asimismo, señaló que en contra del testador no pesaba una declaración judicial de incapacidad. Superadas varias incidencias procesales, el peticionario presentó una moción de sentencia sumaria parcial. En esencia, aseveró que ante la falta de una sentencia de incapacidad procede la desestimación sumaria. La parte recurrida presentó su oposición. Adujo que a la fecha del testamento, el causante se encontraba incapacitado mentalmente para obrar. En apoyo a su contención, presentó un informe pericial. El Tribunal de Primera Instancia denegó la moción de sentencia sumaria.

Inconforme, comparece la parte peticionaria y señala los siguientes errores:

> Erró el Tribunal de Primera Instancia al determinar que existe un hecho en controversia respecto a la capacidad de obrar de un fallecido aun cuando no se presentó una sentencia judicial que derrotara la presunción de capacidad, tal y como lo mandata el Artículo 100 del Código Civil.

> Erró el Tribunal de Primera Instancia al determinar que la presunción de capacidad puede ser derrotada mediante prueba documental en contrario, aun después de fallecido.

> Erró el Tribunal de Primera Instancia al descansar en la alegación de un informe pericial, el cual como cuestión de derecho es innecesario, para concluir que existe controversia en cuanto a la capacidad de un testador fallecido, en contravención a las disposiciones del Artículo 100 del Código Civil.

La parte recurrida también compareció mediante alegato escrito. Procedemos a resolver el recurso presentado con el beneficio de la comparecencia de las partes, y el contenido del expediente electrónico.

### -*II*-

### -*A*-

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una

decisión de un tribunal inferior.[1] Tal discreción no opera en lo abstracto, la Regla 52.1 de Procedimiento Civil, dispone, en su parte pertinente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.[2]

Este foro apelativo intermedio puede revisar órdenes interlocutorias discrecionalmente cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones.

La Regla 40 del Reglamento del Tribunal de Apelaciones dispone los criterios a considerar expedir el auto solicitado.[3] La regla dispone:

> El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición

---

[1] Véase, *Rivera et al. v. Arcos Dorados et al*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021).

[2] 32 LPRA Ap. V, R. 52.1.

[3] *Rivera et al. v. Arcos Dorados et al.*, *supra*, págs. 195-196; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008).

de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Ninguno de los criterios es determinante, por sí solo, y no constituye una lista exhaustiva.[4] Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio".[5] De ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de

---

[4] *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005).
[5] *Torres Martínez v. Torres Ghigliotty*, *supra*, pág. 97.

cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial".[6]

-B-

El mecanismo de sentencia sumaria provisto en la Regla 36 de Procedimiento Civil de 2009[7] es un vehículo para asegurar la solución justa, rápida y económica de un caso.[8] La sentencia sumaria permite a los tribunales disponer, parcial o totalmente, de litigios civiles en aquellas situaciones en las cuales no exista controversia material de hecho que requiera ventilarse en un juicio plenario y el derecho así lo permita.[9] Este mecanismo lo puede utilizar la parte reclamante o aquella parte que se defiende de una reclamación.[10] Mediante el mecanismo de sentencia sumaria, se procura profundizar en las alegaciones para verificar si, en efecto, los hechos ameritan dilucidarse en un juicio.[11] Este cauce sumario resulta beneficioso tanto para el tribunal como para las partes en un pleito, pues se agiliza el proceso judicial mientras simultáneamente provee a los litigantes un mecanismo procesal encaminado a alcanzar un remedio justo, rápido y económico.[12] En aras de prevalecer en una reclamación, la parte promovente debe presentar prueba incontrovertible sobre todos los elementos indispensables de su causa de acción.[13]

Nuestro ordenamiento civil impone unos requisitos de forma con los cuales hay que cumplir al momento de presentar una solicitud de sentencia sumaria, a saber: (1) una exposición breve

---

[6] *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000); *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

[7] 32 LPRA Ap. V, R. 36.

[8] *Serrano Picón v. Multinational Life Ins.*, 212 DPR 981 (2023); Oriental Bank v. Caballero García, 212 DPR 671 (2023); G*onzález Meléndez v. Municipio Autónomo de San Juan y otros*, 212 DPR 601 (2023); *Acevedo y otros v. Depto. Hacienda y otros*, 212 DPR 335 (2023); *Universal Ins. y otro. v. ELA y otros.*, 211 DPR 455 (2023).

[9] *Segarra Rivera v. Int'l. Shipping et al.*, 208 DPR 964 (2022).

[10] 32 LPRA Ap. V, R. 36.1 y 36.2.

[11] *León Torres v. Rivera Lebrón*, 204 DPR 20, 42 (2020).

[12] *Íd.*

[13] *Íd.*

de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción sobre la cual se solicita la sentencia sumaria; (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (5) las razones por las cuales se debe dictar la sentencia, argumentando el derecho aplicable, y (6) el remedio que debe ser concedido.[14] Si la parte promovente de la moción incumple con estos requisitos, "el tribunal no estará obligado a considerar su pedido".[15] "[L]a parte que desafía una solicitud de sentencia sumaria no puede descansar en las aseveraciones o negaciones consignadas en su alegación".[16] Quien se opone a esta solicitud viene obligado a enfrentar la moción de su adversario de forma tan detallada y específica como lo ha hecho la parte promovente puesto que, si incumple, corre el riesgo de que se dicte sentencia sumaria en su contra, si procede en derecho.[17]

En la oposición a una solicitud de sentencia sumaria la parte promovida debe puntualizar aquellos hechos propuestos que pretende controvertir y, si así lo desea, someter hechos materiales adicionales que alega no están en disputa y que impiden dictar sentencia sumaria.[18] Para cada uno de estos supuestos deberá hacer referencia a la prueba específica que sostiene su posición, según exigido por la Regla 36.3 de Procedimiento Civil.[19] La parte

---

[14] 32 LPRA Ap. V, R. 36.3; *Oriental Bank v. Caballero García*, en la pág 8; *Pérez Vargas v. Office Depot*, 203 DPR 687 (2019).
[15] *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 111 (2015).
[16] *León Torres v. Rivera Lebrón, supra*, pág. 43.
[17] *Íd.*
[18] *Íd.*
[19] *Íd.*

opositora tiene el peso de presentar evidencia sustancial que apoye los hechos materiales que alega están en disputa.[20] Ante el incumplimiento de las partes con las formalidades de la Regla 36 de Procedimiento Civil de 2009, la consideración de sus posiciones descansa en la discreción del tribunal.

### -III-

La moción de sentencia sumaria y el escrito en oposición incumplieron con la Regla 36 de Procedimiento Civil. Fallaron en formular una relación de hechos organizadas en forma de párrafos enumerados fundamentados en alguna pieza admisible en evidencia. Si la parte promovente de la moción incumple con estos requisitos, "el tribunal no estará obligado a considerar su pedido".[21] Por otro lado, el opositor a la solicitud está obligado a enfrentar la moción de sentencia sumaria de forma detallada y específica.[22]

En este caso, ante el incumplimiento de las partes con las formalidades de la Regla 36 de Procedimiento Civil, la consideración de sus posiciones descansó en la discreción del tribunal. En consecuencia, conforme expuesto en la resolución recurrida, quedó en controversia la validez del testamento. Nótese que, todo testador disfruta de la presunción de sanidad, salvo declaración judicial en contrario. La parte cuyo interés sea derrotarla deberá presentar prueba evidente y concluyente en contrario. Véase, *Jiménez v. Jiménez, supra.*

Un tribunal apelativo "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y

---

[20] *Íd.*
[21] *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 111 (2015).
[22] *Íd.*

que nuestra intervención en esa etapa evitará un perjuicio sustancial".[23]

### -IV-

Por los fundamentos antes expuestos, *denegamos* la expedición del auto solicitado. Regla 40(B) del Tribunal de Apelaciones.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[23] *Zorniak Air Servs. v. Cessna Aircraft Co., supra,* pág. 181.